HERNAIZ TARGA & Co., SUCCRS., *S. en C.*, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 860. Submitted January 13, 1932.—Decided February 2, 1932.

*De la Torre & Ramírez* for appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

It appears from a public deed that the mercantile partnership, Hernáiz Targa & Co., Succrs., *S. en C.* (*sociedad en comandita*), brought an action of debt against Ramón Cobián Rivera and that in execution of the judgment entered against the defendant there was sold at public auction to the creditor firm all the rights and interests of Ramón Cobián Rivera in the estate of his mother, Josefa Rivera Vázquez, consisting of a piece of property and a mortgage credit. On presentation of the marshal's deed in the Registry of Property of San Juan, Second Section, the record of such deed was denied because the piece of property was recorded in the names of Esteban, Narciso, Ildefonso, Rosaura, Evaristo, and Margarita Cobián Rivera, and the mortgage credit in favor of Modesto, José, Ildefonso, Rosaura, and Margarita Cobián Rivera, who are persons other than Ramón Cobián Rivera.

The purchasing firm maintains in the present administrative appeal, taken from the decision denying the record of its title, that at the time of filing its complaint there was entered in the registry a notice of an attachment levied upon the interest or share of Ramón Cobián Rivera in his mother's estate as regards the aforesaid piece of property and mortgage credit; that subsequently a partition was made of the estate of Josefa Rivera Vázquez from which it appears that the share of each heir in the said estate amounted to $9,502.01; that as it was stated therein that the heir, Ramón Cobián Rivera, owed his mother $17,000, some of the heirs to whom was allotted the share belonging to their brother, Ramón, undertook to pay the balance; and that all this appears from the record of the piece of property and mort-

gage credit in the name of the brothers. The registrar admits in his brief presented to us the entry of the notice of attachment and what appears from the record made as a result of the deed of partition of the aforesaid estate.

The hereditary interest of Ramón Cobián Rivera in his mother's estate was not recorded in the registry of property, as might have been done on presentation of the declaration of heirship. For this reason the conveyance of said interest to the mercantile firm could not be recorded because under section 20 of the Mortgage Law in order to permit the recording or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record. The entry of notice of an attachment is not equivalent to the record of the attached property in favor of the attachment debtor, nor does it create any ownership or real right.

Moreover, as the mortgage credit and the piece of property are at present recorded in the name of persons other than Ramón Cobián Rivera, no other deed conveying or encumbering the same immovable can be recorded or entered, in accordance with section 17 of the said Law. The question as to whether or not the registrar, at the time of making the record in the name of Ramón Cobián Rivera's brothers, should have refused the record of the attached share and should have disregarded the entry of notice of the said attachment, is one which can not be decided in this appeal, for the fact is that, whether correctly or not, the piece of property and the mortgage credit are recorded in the name of other persons.

The decision of the registrar must be affirmed.